
1  **LAQUER URBAN CLIFFORD & HODGE LLP**
   Susan Graham Lovelace, State Bar No. 160913
2  Denise E. Carter, State Bar No. 249774
   225 South Lake Avenue, Suite 200
3  Pasadena, California 91101-3030
   Telephone: (626) 449-1882
4  Email: carter@luch.com

5  Counsel for Plaintiffs,
   Trustees of the Southern California
6  IBEW-NECA Pension Plan, et al.

*FILED CLERK, U.S. DISTRICT COURT*
*JUL - 7 2009*
*CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>MBA ASSOCIATES, INC., a California corporation, dba CAYSON INDUSTRIAL ELECTRIC <br><br>Defendant. | CASE NO.: CV 06-4517 PA (SSx) <br><br>ASSIGNED TO THE HONORABLE ~~JEFFREY W. JOHNSON~~, SUZANNE H. SEGAL MAGISTRATE JUDGE <br><br>**PROTECTIVE ORDER** |

On May 27, 2009, Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al ("Plaintiffs"), served on S. J. Amoroso Construction Co, Inc. ("Amoroso") a subpoena for production and inspection of documents ("Subpoena"). A copy of the Subpoena is attached hereto as Exhibit "1" and is incorporated by reference herein.

Documents responsive to the Subpoena contain information Amoroso contends is privileged, sensitive and confidential in nature. Plaintiffs require this information in order to execute on the judgment rendered in favor of Plaintiffs and against Defendant MBA Associates, Inc., in the instant matter.

IT IS HEREBY ORDERED, pursuant to the "Stipulation for Protective Order" entered into by and among the Plaintiffs and Amoroso, and good cause appearing therefore:

1.  Amoroso shall make available for inspection and copying on July 1, 2009, at 10:00 a.m., at Plaintiffs' counsel's office, the full and complete settlement agreement and/or release between S.J. Amoroso Construction Co., Inc., a California corporation, and MBA Associates, Inc., a purported California corporation, doing business as Cayson Industrial Electric, and/or all other parties and/or entities, related to the action filed in the Superior Court of California for the Court of San Mateo, case number CIV 460110, in full satisfaction of the Subpoena. Production of the document described herein shall not waive or otherwise affect the privileged and confidential nature of the document, which privilege shall be retained pursuant to this Protective Order. Documents subject to work product protections and/or the attorney/client privilege are not required to be produced, whether or not under the Protective Order.

2.  Plaintiffs shall not furnish, show, disclose or otherwise disseminate the document identified in Paragraph 1, above, to any person except to: (a) the Plaintiffs, their agents and employees; and (b) counsel for the Plaintiffs and office personnel assisting counsel in the execution of the judgment. Plaintiffs shall require any person(s) identified in subparagraphs (a) through (b) to be bound to this order.

3.  The document identified in Paragraph 1 may only be used for the purpose of executing on the judgment entered in favor of Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al, and against defendant MBA Associates, Inc., in the instant matter. The document identified in Paragraph 1 may not be used for any other purpose by anyone, including those persons identified in Paragraph 2 herein.

4.  The document identified in Paragraph 1 and produced pursuant to the Subpoena, shall be maintained in the possession and control of the Plaintiffs and

Plaintiffs' counsel in such a manner that the information is not accessible to individuals not bound by this order.

5. In the event that the document identified in Paragraph 1 is used in any court proceeding in this action, it shall not lose its confidentiality through such use, and Plaintiffs shall take all reasonable steps to maintain its confidentiality.

6. This Protective Order shall be without prejudice to the right of the Plaintiffs (i) to bring before the Court at any time the question of whether the document identified in Paragraph 1 is confidential or whether its use should be restricted, or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular information pertaining to the document identified in Paragraph 1, including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice Plaintiffs in any future application for modification of this Protective Order.

7. Unless the Court orders otherwise, Plaintiffs may only file records containing the document identified in Paragraph 1 with the Court after obtaining an order to seal pursuant to Local Rules 79-5.1 – 79-5.4.

8. In the event that Plaintiffs are ordered by a court or any state, federal or governmental unit to produce the document identified in Paragraph 1, they shall provide reasonable notice to Amoroso, through its counsel, of that court order or command, so as to allow Amoroso to file an appropriate opposition to such order or command. *For good cause shown (SAS)*

DATED: 7/7/09

_____
UNITED STATES MAGISTRATE JUDGE

- 3 -
**PROTECTIVE ORDER**

215052.1

# EXHIBIT 1

211154.1

☐AO88 (Rev. 1/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Trustees of the Southern California IBEW-NECA Pension Plan, et al., v. MBA ASSOCIATES, INC., a California corporation, dba CAYSON INDUSTRIAL ELECTRIC, | SUBPOENA IN A CIVIL CASE<br><br>Case Number:[1]  CV 06 4517 PA (JWx) |

To:  SJ Amoroso Construction Company.
390 Bridge Parkway
Redwood Shores, CA 94065

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attachment hereto.

| PLACE<br>Laquer, Urban, Clifford and Hodge LLP<br>225 South Lake Avenue, Suite 200<br>Pasadena, California 91101 | DATE AND TIME<br>June 26, 2009   10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*  Counsel for Plaintiffs | DATE<br>May 22, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Denise E. Carter, Esq.
Laquer, Urban, Clifford & Hodge, LLP
225 South Lake Avenue, Suite 200, Pasadena, California 91101   (626) 449-1882

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

211219.1

4

## EXHIBIT "A" TO SUBPOENA

1. The full and complete settlement agreement and/or release between Amoroso Construction Co., Inc., a California corporation, and MBA Associates, Inc., a purported California corporation, doing business as Cayson Industrial Electric, and/or all other parties and/or entities, related to the action filed in the Superior Court of California for the Count of San Mateo, case number CIV 460110

Plaintiffs recognize that the party responding to the subpoena may contend that the document sought is confidential. However, Plaintiffs are willing to enter into a stipulated protective order wherein they will agree to keep it confidential to the extent possible, except as needed in aid of execution of the judgment rendered in the within action. See, FRCP 69(a).

211154.1